LEWIS P. JANOWSKY, State Bar No. 092735
ELISE O'BRIEN, State Bar No. 245967
RYNN & JANOWSKY, LLP
4100 Newport Place Drive, Suite 700
Newport Beach, CA 92660
T: 949.752.2911
F: 949.752.0953
rj@rjlaw.com
Elise@rjlaw.com

Attorney for Plaintiffs
DAVALAN SALES, INC.;
DAVALAN SALES, INC.,d/b/a
THE BANANA COMPANY

JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DAVALAN SALES, INC., a corporation; DAVALAN SALES, INC., a corporation d/b/a THE BANANA COMPANY; VAL-PRO, INC., a corporation d/b/a VALLEY FRUIT & PRODUCE COMPANY; CHOUMAS PRODUCE CO., INC., a corporation,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>CALIFORNIA MARKET, LLC, a limited liability company, d/b/a NEW CALIFORNIA MARKET, also d/b/a CALIFORNIA SUPERMARKET, also d/b/a CALIFORNIA MARKET WESTERN, also d/b/a U-DON HOUSE; HYUN SOON RHEE, aka HYUN SOON OH, an individual; HYUN SOON RHEE, as Trustee of the RICHARD RHEE TRUST; HYUN SOON RHEE, as Trustee of the STEPHANIE RHEE TRUST aka STEFFANY RHEE TRUST; DAVID RHEE, an individual; DAVID RHEE, as Trustee of | Case No.  CV10-6110 JFW(FMOx)<br><br>**ORDER APPROVING STIPULATION FOR ENTRY OF JUDGMENT**<br><br>[LR 7-1 and 52-4.1]<br><br><br>NO HEARING NECESSARY |

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

1

the DAVID RHEE TRUST; JOYCE H. KIM, aka JOYCE H. OH, aka JOY H. KIM, aka JOY HYUN KIM OH, an individual; RICHARD SUNG RHEE, an individual,

Defendants.

Upon review and consideration of the Stipulation for entry of judgment filed in this Action on or about August 31, 2010 by Plaintiffs DAVALAN SALES, INC. ("DSI"), a corporation; DAVALAN SALES, INC., a corporation d/b/a THE BANANA COMPANY, ("TBC"), VAL-PRO, INC., a corporation d/b/a VALLEY FRUIT & PRODUCE COMPANY ("Valley Fruit"), and CHOUMAS PRODUCE CO., INC. ("Choumas") (collectively, "Plaintiffs") and CALIFORNIA MARKET, LLC ("CM"), a limited liability company, d/b/a NEW CALIFORNIA MARKET, also d/b/a CALIFORNIA SUPERMARKET, also d/b/a CALIFORNIA MARKET WESTERN, also d/b/a U-DON HOUSE; HYUN SOON RHEE ("HSR"), aka HYUN SOON OH, an individual; HYUN SOON RHEE, as Trustee of the RICHARD RHEE TRUST ("HSR as Trustee of the Richard Rhee Trust"); HYUN SOON RHEE, as Trustee of the STEPHANIE RHEE TRUST aka STEFFANY RHEE TRUST ("HSR as Trustee of the Stephanie Rhee Trust"); DAVID RHEE ("DR"), an individual; DAVID RHEE, as Trustee of the DAVID RHEE TRUST ("DR as Trustee of the David Rhee Trust"); and JOYCE H. KIM ("JHK"), aka JOYCE H. OH, aka JOY H. KIM, aka JOY HYUN KIM OH, an individual, (hereafter "Stipulation") and upon all other pleadings and papers filed herein and good cause appearing therefor,

IT IS HEREBY ORDERED that the Stipulation is approved in its entirety.

IT IS HEREBY FURTHER ORDERED that:

1.   Subject to paragraph 2, below, Defendant CM and the Individual Defendants, (hereafter collectively referred to as "the Settling Defendants") jointly and severally shall pay Plaintiffs, and Plaintiffs shall accept payment from the Settling Defendants, the principal amount of $101,653.25, plus reasonable attorneys' fees

2

1  incurred in connection with this matter in the sum of $5,093.75, plus court filing fees in
2  the sum of $350, plus finance charges at the rate of 1.5% per month (18% annually) on
3  all past due principal sums due from the date each payment obligation first fell due until
4  fully paid, in the manner and in the amounts separately set forth in the Stipulation, as
5  payment in full of all monies owed by the Settling Defendants to Plaintiffs arising from
6  or in any way related to the produce purchases described in the Stipulation, these being
7  produce purchases made on or before August 26, 2010.

8        2.    Upon default as contemplated by the Stipulation, judgment may be
9  immediately entered on an *ex parte* basis and enforced against Defendants and each of
10 them, jointly and severally, in the form set forth in Exhibit 2, attached to the Stipulation,
11 *except that* in the event judgment is hereafter entered, the amounts set forth in Exhibit 2
12 shall be adjusted downward to reflect any payments received by Plaintiffs prior to default
13 so that the amount of any judgment entered herein shall reflect the net amounts actually
14 due to Plaintiffs at the time judgment is entered.

15       3.    So long as the Settling Defendants are not in default of the Stipulation as
16 contemplated therein, Plaintiffs shall take no steps to enter or enforce a judgment against
17 Defendants, or any of them, in any manner whatsoever.

18       4.    In the event of default as contemplated by this Stipulation, judgment may
19 be entered and enforced immediately on an *ex parte* basis and without further court order,
20 subject only to the Settling Defendants' right to seek a stay of entry or enforcement of
21 judgment based only upon the following grounds:  (a) whether a default has in fact
22 occurred, as such default is contemplated herein; or, (b) whether any sums acknowledged
23 by Plaintiffs as having been received by Plaintiffs prior to default are accurate.  If the
24 Settling Defendants intend to seek a stay of entry and enforcement of the judgment under
25 this paragraph, the Settling Defendants' notice of intent to seek such stay and any related
26 pleadings shall be served in compliance with applicable Local Rules of the United States
27 District Court for the Central District of California and Federal Rules of Civil Procedure
28 governing *ex parte* applications.  In the event the Settling Defendants intend to seek a

LAW OFFICES
**RYNN & JANOWSKY**
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

stay of entry or enforcement of judgment, such notice and all related pleadings shall be filed and served on Plaintiffs' counsel within the time period provided by the applicable Local Rules of the United States District Court for the Central District of California and Federal Rules of Civil Procedure governing *ex parte* proceedings.  Failure to file and serve any such notice within such period will be deemed the Settling Defendants' admission of default.

5.   Nothing in the Stipulation or this Order shall be deemed a waiver or limitation of any rights Plaintiffs may have under PACA, including, but not limited to, Plaintiffs' PACA Trust rights, or Plaintiffs' ability to enforce said trust rights against any person or entity liable to Plaintiffs for breach of the PACA trust, all such rights being expressly reserved.

6.   Upon entry of this Order, Center Bank shall immediately release from account no. 008307644 the sum of $50,000.00 by cashiers check or wire transfer payable to "Rynn & Janowsky, LLP Client Trust Account," and deliver said funds to counsel for Plaintiffs, R. Jason Read, c/o Rynn & Janowsky, LLP.  Upon receipt of these funds by Plaintiffs' counsel, the Temporary Restraining Order entered on August 18, 2010 shall be deemed dissolved without need for further Court order.

7.   Upon entry of this Order, and upon Plaintiffs' receipt of the initial payments due to Plaintiffs on August 31, 2010, Plaintiffs' Complaint in this action shall be deemed dismissed as to all Defendants without prejudice subject to re-opening on an

///

///

///

4

*ex parte* basis, without need for further court order, for the purposes of interpreting or enforcing the Stipulation and entering and enforcing the judgment contemplated by the Stipulation in the event of default. This Court shall retain exclusive personal and subject matter jurisdiction over this matter in order to re-open this case for all purposes contemplated herein.

SO ORDERED.

DATED: August 31, 2010 _____
HON. JOHN F. WALTER,
U.S. DISTRICT COURT JUDGE